[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO QUASH
In this civil action, the Commission of Health Services petitions this court to enforce her order that the defendant, a licensed dentist submit to an examination to evaluate his mental and emotional state and his ability to practice dentistry. The action is authorized by General Statutes 114(a) The defendant dentist opposes the order, and a hearing before this court has been scheduled during November 1993.
Certain preliminary facts essential to the disposition of the issue presently before the court are undisputed. Earlier this year, the Department of Health Services commenced an investigation of some complaints it had received about the defendant. This investigation led to the present civil CT Page 8393 action. During the course of the investigation, a local TV affiliate of NBC, WVIT-TV, learned of the complaints and launched its own investigation. One of its reporters, posing as a patient, obtained an appointment for treatment by the defendant. She then videotaped the defendant in his office while he was treating her. The defendant was unaware of her true identity or that she was videotaping him, the camera being hidden on her person. Later, WVIT-TV broadcast a few seconds of the video, which constituted only a fraction of the approximately forty minute tape. The only people in the video are the defendant, the reporter and perhaps an office assistant employed by the defendant.
When the defendant became aware of the existence of the videotape, as a result of the broadcast, he noticed the deposition of Steve Schwaid, WVIT-TV's news director, and issued a subpoena duces tecum commanding Schwaid to bring with him a copy of the complete videotape. Schwaid and WVIT-TV responded by filing a motion to quash the subpoena and for a protective order shielding him from deposition.
The defendant contends, and the court agrees, that a candid videotape of the defendant treating a patient in his office over a forty minute time span, while unaware that he is on camera, would in all likelihood provide some indication of his ability to practice dentistry. It would, therefore, likely constitute evidence relevant to the issues raised by the plaintiff's petition in this case, to be heard by this court next month.
WVIT-TV vigorously opposes the deposing of its news director and production of the videotape on grounds of first amendment privilege, claiming that the defendant's demands, if satisfied, would interfere with its news gathering function and chill the freedom of the press guaranteed by the first amendment. The court disagrees.
Virtually all of the cases cited by WVIT-TV in support of its claim of privilege involve the protection of confidential sources. There are no such sources in this case. The unwitting subject of the reporter's hidden camera was only the defendant himself, not some informant providing information in exchange for anonymity. Other cases cited by WVIT-TV involve a reporter's "resource materials". They are not persuasive, however, in a case such as this, where the subject matter is CT Page 8394 simply an unedited videotape of what the reporter saw. Presumably, the defendant could subpoena the reporter, if she were available, and compel her testimony concerning what she actually observed while in the defendant's office.[1] In short, this not a case where news gathering activities by the press are or will be in the future hindered by (a) the production of the videotape for inspection by the defendant and (b) its introduction in evidence in the hearing before this court on the merits of the plaintiff's petition, subject, of course, to normal requirements of authentication and relevancy.
The defendant indicated at the hearing on this motion that he requests only the production of the videotape for preliminary discovery purposes. Accordingly, at this time, the court grants the defendant's motion to compel, limited to an order requiring WVIT-TV to furnish a complete, unedited copy of the videotape in question to the defendant, on or before October 21, 1993.
Mahoney, J.